ORDERED.

**Dated:  January 09, 2020**

Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re: | ) | Case No.  6:10-bk-10520-KSJ |
| | ) | Chapter 7 |
| Jorge Ricardo Macias Coto and | ) | |
| Ruth Janice Gimenez Ortiz, | ) | |
| | ) | |
| Debtors. | ) | |

## ORDER GRANTING DEBTOR'S MOTION
## FOR CONTEMPT AND IMPOSING SANCTIONS

This case was heard on December 17, 2019, on the Debtor's Motion for Contempt and Request for Sanctions[1] ("Motion") against National Collegiate Loan Trust[2] (collectively the "Creditors") for willful violation of an order of this Court, and seeking to impose sanctions against the Creditors. As explained, the Debtor's Motion is **GRANTED**.

Ruth Janice Gimenez Ortiz ("Debtor"), attended the University of Central Florida ("UCF") between 2005-2008. She received scholarships and grants that paid 100% of her education costs, including tuition, fees, and other related expenses. The Debtor separately

---
[1] Doc. No. 20.
[2] Collectively refers to National Collegiate Loan Trust 2006-1, National Collegiate Loan Trust 2006-2, National Collegiate Loan Trust 2005-1, and National Collegiate Loan Trust 2007-3.

received four (4) personal loans ("Personal Loans"). The disputed Personal Loans were labeled "undergraduate loans" and include:

   a. On January 5, 2005[3], Bank One (JPMorgan Chase Bank, N.A.) issued a personal loan in the amount of $10,695.19 with $10,000.00 in net loan proceeds disbursed directly to Debtor's father and cosigner, Luis Gimenez;

   b. On November 7, 2005[4], Bank One (JPMorgan Chase Bank, N.A.) issued a Personal Loan in the amount of $8,556.15 with $8,000.00 in net loan proceeds disbursed directly to Debtor's mother and cosigner, Ruth Ortiz Santiago;

   c. On March 15, 2006[5], Bank of America issued a Personal Loan in the amount of $19,679.14 with $18,400.00 net loan proceeds disbursed directly to Debtor's mother and cosigner, Ruth Ortiz Santiago; and

   d. On August 17, 2007[6], Union Federal Savings Bank issued a Personal Loan in the amount of $27,932.96 with $25,000.00 in net loan proceeds disbursed directly to Debtor's mother and cosigner, Ruth Ortiz Santiago.

Creditors obtained ownership of each Personal Loan "shortly after the loan was disbursed to [Debtor]". [7] Prior to the date of filing, Creditors employed American Education Services ("AES") to service the Personal Loans. Debtor contends each of these four Personal Loans are not federally guaranteed educational loans as defined in 11 U.S.C. § 523(a)(8) and are dischargeable in the bankruptcy case.

---

[3] Assigned to National Collegiate Student Loan Trust 2005-1.
[4] Assigned to National Collegiate Student Loan Trust 2006-1.
[5] Assigned to National Collegiate Student Loan Trust 2006-2.
[6] Assigned to National Collegiate Student Loan Trust 2007-3.
[7] Creditors state this fact in paragraph six (6) of each lawsuit filed against Debtor.

2

Debtor filed this Chapter 7 bankruptcy case on June 16, 2010 ("Petition Date").[8] On June 19, 2010, the Court served the Creditors and AES with notice of Debtor's bankruptcy filing.[9] The notice warned Creditors to refrain from further collection efforts against the Debtor. And, on October 6, 2010, the Debtor received a Discharge, discharging her from all debt.[10] In connection with the Discharge, the Court sent Creditors a notice stating any attempt to collect a debt that has been discharged is prohibited.[11]

After the Discharge, Creditors continued to contact Debtor demanding payments on the Personal Loans. Creditors demanded the payments via telephone, letters, and state court lawsuits.[12] Creditors also continued to report the Personal Loans as unpaid and delinquent in the Debtor's credit report. Between June 2010 and January 2015, due to the Creditors' collection efforts, the Debtor paid Creditors $21,282.76. Debtor filed her Motion seeking a finding of contempt and sanctions against the Creditors for continuing collection efforts on the discharged Personal Loans.[13] Creditors failed to respond to Debtor's Motion or appear at the trial on December 17, 2019.

The Bankruptcy Code states "a discharge . . . discharges the debtor from all debts that arose before the date of the order of relief . . . ."[14] The effect of a discharge "operates as an injunction

---

[8] Doc. No. 1.

[9] Doc. No. 11. The Court's notice advises that the bankruptcy case automatically stays certain collection and other actions against the Debtor. The notice also advises against prohibited collection actions which include contacting the Debtor by telephone or mail to demand payment.

[10] Doc. No. 15.

[11] Doc. No. 18. The importance of a discharge is to offer an overburdened debtor a fresh start. *Kokoszka v. Belford*, 417 U.S. 642, 645-46 (1974).

[12] *See* Case No. 2019-CA-001712 brought in Osceola County, Florida; Case No. 2019-CA-001605 brought in Osceola County, Florida; Case No. 2019-CA-001716 brought in Osceola County, Florida. Debtor sent a letter to the Creditors advising Creditors they violated the discharge injunction by filing a lawsuit. The Creditors never responded, but Debtor did receive a return receipt. After, National Collegiate Student Loan Trust 2007-3 filed an additional lawsuit: Case No. 2019-CA-003214 brought in Osceola County, Florida. Debtor, again, sent a notice advising Creditor the lawsuit violated the discharge injunction without an answer.

[13] Doc. No. 20. The Motion was filed on 10/1/2019.

[14] 11 U.S.C. §727(b).

against the commencement or continuation of an action . . . or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived . . . ."[15] The Bankruptcy Code provides exceptions for certain debts that are non-dischargeable.[16] For example, an "educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit", "an obligation to repay funds received as an educational benefit" or "any other qualified educational loan" is exempt.[17]

The Personal Loans do not qualify as exempt debts. The Personal Loans are not federal or non-profit loans, funds received as an educational benefit, or qualified education loans made by a private lender. The Creditors cannot classify the Personal Loans as nondischargeable debts by simply labeling them as "undergraduate loans" on the credit agreements.

After careful consideration of all the facts, this Court finds the Creditors violated the discharge injunction. The Creditors are in contempt of court and sanctions shall be imposed. The Creditors are in contempt for their repeated attempts to collect and eventual collection of a portion of discharged debts. The Creditors knew or should have known that the Debtor's loans were dischargeable consumer debts. This Court's Discharge Order explicitly advised the Creditor that "[a] Creditor who violates this order can be required to pay damages and attorney's fees to the debtor".[18]

---

[15] 11 U.S.C. §524(a)(2).

[16] *See* 11 U.S.C. §523(a)(8).

[17] *Id*. A qualified educational loan is defined as "any indebtedness incurred by the [debtor] solely to pay higher education expenses." 26 U.S.C. §221(d)(1). Debts incurred to pay for expenses at educational institutions that are not recognized by the Department of Education under Title IV of the Higher Education Act and/or debts incurred in excess of the "Cost of Attendance" are not "qualified education loans" as that term is defined in the Higher Education Act, the Internal Revenue Code, and the Bankruptcy Code. Such loans have no protection from discharge under Section 523(a)(8).

[18] Doc. No. 15.

The Bankruptcy Code allows a court to award actual damages for a violation of the discharge injunction.[19] Further, bankruptcy courts have inherent contempt powers in all proceedings.[20] A party seeking civil contempt sanctions for a party's violation of a court order must establish by clear and convincing evidence (1) the allegedly violated order was valid and lawful, (2) the order was clear, definite, and unambiguous, and (3) the alleged violator had the ability to comply with the order.[21] Sanctions for civil contempt must either be compensatory or designed to coerce compliance.[22]

Compensatory sanctions may be imposed for actual damages incurred by a debtor as a result of a creditor's violation of a discharge injunction.[23] The compensatory damages must be based on actual loss and shown with some certainty.[24] Courts have relaxed this standard "where the fact of damage is established, but the extent and exact amount of damages is elusive."[25] Compensatory damages may include emotional distress if a debtor (1) suffers significant emotional distress, (2) clearly establishes emotional distress, and (3) demonstrates a causal connection between that significant emotional distress and the violation of the discharge injunction.[26]

Here, Debtor has established, with clear and convincing evidence, Creditors' violation of the discharge injunction. The Creditors were duly noticed of the Debtor's Discharge. Despite multiple valid and unambiguous warnings, the Creditors repeatedly demanded and accepted payments for the debt. Further, the Creditors filed four state court actions against the Debtor to collect on the debts after Debtor received a Discharge. The Creditors knew or should have known

---

[19] *See In re Roser*, 298 B.R. 469, 472 (Bankr. M.D. Fla. 2003) (citing *In re Shoe*, 2002 WL 31051587 (Bankr. M.D. N.C. July 17, 2002)). "Although §524 does not explicitly authorize monetary damages for a violation of the discharge inunction, a court may award actual damages pursuant to the statutory contempt powers set forth in 11 U.S.C. § 105."
[20] *Jove Engineering, Inc. v. I.R.S.*, 92 F. 3d 1539, 1553 (11th Cir. 1996).
[21] *McGregor v. Chierco*, 206 F. 3d 1378, 1383 (11th Cir. 2000).
[22] *In re Ocean Warrior*, 835 F. 3d 1310, 1317 (11th Cir. 2016).
[23] *In re McLean*, 794 F. 3d 1313, 1325 (11th Cir. 2015).
[24] *In re Xavier's of Beville, Inc.*, 172 B.R. 667, 671 (Bankr. M.D. Fla. 1994).
[25] *Id.* at 672.
[26] *In re McLean*, 794 F. 3d at 1325-26.

that they were attempting to collect a debt that cannot be legally enforced or collected. Creditors have failed to file a response or make an appearance to oppose the Debtor's allegations.

The Debtor sustained a loss of $21,282.76 for payments on the Personal Loans, mental and emotional distress, suffered a lack of credit due to the negative information placed on her credit report, and incurred attorney's fees and costs due to the Creditors' contemptuous conduct. Creditors repeated demands and threats of litigation coerced Debtor into paying $21,282.76 and directly caused Debtor's mental and emotional distress. Debtor received numerous phone calls and letters after her discharge. Creditors exacerbated Debtor's mental and emotional distress by filing four state court actions against the Debtor which increased Debtor's anxiety and resulted in a loss of sleep.

This Court finds the Debtor is entitled to $21,282.76 for payments on the Personal Loans and $10,000 in damages for the Debtor's mental and emotional distress. The Court also finds Creditors must pay Debtor $6,965 in attorney's fees and $339.66 in costs totaling $7,304.66. Debtor's counsel spent a total of 18.9 hours at a rate of $350.00 per hour on the four state court lawsuits as well as this bankruptcy case.[27] Debtor's counsel's paralegal spent a total of 2.8 hours at a rate of $125 per hour on the cases.[28] The Court finds the hourly rates are reasonable and not excessive given the nature, extent, and value of the services. The Creditors, composed of four separate trusts, are jointly and severally liable to Debtor. This Judgment shall bear an interest rate of 7.24% starting the date of this Order.[29]

---

[27] *See* Doc. No. 25.
[28] *Id.*
[29] The interest rate of 7.24% is the average of the interest rates disclosed in each credit agreement.

The Creditors repeatedly have ignored this Court's orders. The Creditors continuously demanded and accepted payments of discharged debts. Creditors' disregard for this Court's orders warrants contempt and sanctions. Accordingly, it is

**ORDERED:**

1.  The Motion (Doc. No. 20) is **GRANTED**.

2.  The Court awards Debtor the following compensatory damages against the Creditors:

    a.  $21,282.76 for payments on the Personal Loans after the Petition Date.

    b.  $10,000 for actual damages; and

    c.  $7,304.66 in reasonable and necessary attorney fees and costs.

3.  Creditors shall pay $38,587.42 to Debtor's counsel, Elayne M. Conrique, whose address is 746 N. Magnolia Ave., Orlando, FL, 32803, within 14 days of this Order and the related Final Judgment.

4.  This debt shall bear an interest rate of 7.24% from the date of this Order.

5.  Creditors shall dismiss all state court actions against Debtor currently filed in Osceola County, Florida within (30) days from the date of this Order.

6.  Creditors shall cease and desist any further collection actions on the Personal Loans. They are discharged and unenforceable. Any further violations of the Discharge Injunction or failure to comply with this Order will result in additional sanctions, including punitive damages.

7.  The Court will enter a separate Final Judgment consistent with the Order.

###

Attorney Elayne M. Conrique is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order